# In the United States Court of Federal Claims

No. 15-767C

(E-Filed: November 2, 2022)

| | |
|---|---|
| ACLR, LLC, | ) |
| | ) |
| Plaintiff, | ) Summary Judgment; RCFC 56; FAR |
| | ) 52.212-4(l); Constructive Termination |
| v. | ) for Convenience; Standard Record |
| | ) Keeping System. |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

Thomas K. David, Reston, VA, for plaintiff.  John A. Bonello, of counsel.

Joseph A. Pixley, Trial Attorney, with whom were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, Martin F. Hockey, Jr., Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.  Augustus J. Golden, Department of Justice, Washington, DC, and Lucy Mac Gabhann, United States Department of Health and Human Services, Baltimore, MD, of counsel.

OPINION

CAMPBELL-SMITH, Judge.

      Defendant's motion for summary judgment, brought pursuant to Rule 56 of the Rules of the United States Court of Federal Claims (RCFC), is currently before the court. See ECF No. 168.  Plaintiff responded to the motion, see ECF No. 169, and defendant replied, see ECF No. 170.  The motion is now fully briefed, and ripe for decision.  The parties did not request oral argument, and the court deems such argument unnecessary.

      The court has considered all of the parties' arguments and addresses the issues that are pertinent to the court's ruling in this opinion.  For the following reasons, defendant's motion for summary judgment is **GRANTED**.

I.  Background

    A.  Procedural Background

This court has ruled on summary judgment motions in this case on two prior occasions. See ECF No. 120 (November 19, 2021 opinion and order, reported at ACLR, LLC v. United States, 157 Fed. Cl. 324 (2021)); ECF No. 76 (March 23, 2020 opinion, reported at ACLR, LLC v. United States, 147 Fed. Cl. 548 (2020)). On November 6, 2020, plaintiff amended its complaint, which now includes one count for termination for convenience damages. See ECF No. 101 (amended complaint). Trial in this case is scheduled to be held between November 10, 2022, and November 30, 2022. See ECF No. 166 (October 12, 2022 scheduling order).

The court has allowed defendant to file the instant motion for summary judgment, despite the nearness of trial, to resolve a predicate legal issue. Specifically, before this case can proceed, the court must determine the "contours of plaintiff's standard record-keeping system," and whether that system comports with the applicable regulation, Federal Acquisition Regulation (FAR) clause 52.212-4(l), termination for the government's convenience. ECF No. 166 at 1; ECF No. 164 (October 5, 2022 order).

Because the scope of the present motion is limited to a legal issue, and because the court has detailed the extensive procedural and factual background of this case in its previous opinions, see ECF No. 120 and ECF No. 76, the court will address only those facts immediately relevant to the task of determining whether what plaintiff has presented as its "standard record keeping system" is legally sufficient to proceed with evidence at trial.

    B.  Defining Plaintiff's Standard Record Keeping System

The court held a status conference in this case on October 4, 2022, to address the scope of matters for trial. See ECF No. 172 (status conference transcript). The following day, on October 5, 2022, the court instructed the parties that the forthcoming trial would be limited to addressing the following foundational issues:

1.  What is, as a factual matter, plaintiff's standard record keeping system?

2.  Does that system comport with the legal requirements of 48 C.F.R. § 52.212-4(l)?

3.  Do the categories of supporting evidence that plaintiff intends to present at trial satisfy the relevant legal requirements?

ECF No. 164 (order). The parties then proposed a schedule for pretrial deadlines, including for the filing of plaintiff's "summary describing its standard record keeping systems," and for the subsequent briefing of defendant's motion for summary judgment. ECF No. 165 at 1 (joint status report).

Plaintiff filed a notice of summary of its standard record keeping system on October 14, 2022, to which it attached a declaration of plaintiff's Managing Principal, Mr. Christopher Mucke. See ECF No. 167 (notice); ECF No. 167-1 (declaration). Therein, Mr. Mucke stated as follows:

> [Plaintiff's] standard record keeping system includes the use of Quickbooks, an accounting software package, to track costs; Microsoft File Explorer, which electronically stores vendor invoices, client work product, and archived communications data; Microsoft Outlook, which tracks company communications; external suppliers and various external file storage devices used to back up and secure company data to ensure against data loss; and paper files for employee and client contract information.

ECF No. 167-1 at 1. Based on this characterization of the manner in which plaintiff's evidence is kept, defendant now argues it is entitled to summary judgment because plaintiff's system does not comport with the legal requirements of FAR 52.212-4(l). See ECF No. 168 at 9.

II.  Legal Standards

According to RCFC 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "[A]ll evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable factual inferences should be drawn in favor of the nonmoving party." Dairyland Power Coop. v. United States, 16 F.3d 1197, 1202 (Fed. Cir. 1994) (citations omitted).

A genuine dispute of material fact is one that could "affect the outcome" of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "The moving party . . . need not produce evidence showing the absence of a genuine issue of material fact but rather may discharge its burden by showing the court that there is an absence of evidence to support the nonmoving party's case." Dairyland Power, 16 F.3d at 1202 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). A summary judgment motion is properly granted against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case and for which that party bears the burden of proof at trial. Celotex, 477 U.S. at 324.

The Supreme Court of the United States has instructed that "the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson</u>, 477 U.S. at 247-48.  A nonmovant will not defeat a motion for summary judgment "unless there is sufficient evidence favoring the nonmoving party for [the fact-finder] to return a verdict for that party." <u>Id.</u> at 249 (citation omitted).  "A nonmoving party's failure of proof concerning the existence of an element essential to its case on which the nonmoving party will bear the burden of proof at trial necessarily renders all other facts immaterial and entitles the moving party to summary judgment as a matter of law." <u>Dairyland Power</u>, 16 F.3d at 1202 (citing <u>Celotex</u>, 477 U.S. at 323).

III.    Analysis

As the court has previously determined, FAR 52.212-4(l) governs plaintiff's damages claim.[1]  <u>See</u> ECF No. 120 at 5-7.  The provision states, in relevant part, that upon termination for convenience, "the Contractor shall be paid a percentage of the contract price reflecting the percentage of the work performed prior to the notice of termination, plus reasonable charges the Contractor can demonstrate to the satisfaction of the Government using its standard record keeping system, have resulted from the termination."[2]  FAR 52.212-4(l).

To recover its reasonable charges, plaintiff bears the burden of "proving the amount of loss with sufficient certainty so that the determination of the amount of damages will be more than mere speculation." <u>Lisbon Contractors, Inc. v. United States</u>, 828 F.2d 759, 767 (Fed. Cir. 1987) (quoting <u>Willems Indus., Inc. v. United States</u>, 295 F.2d 822, 831 (Ct. Cl. 1961)).  And importantly for the instant motion, the plain language

---

[1]    In its response to defendant's motion for summary judgment, plaintiff argues that the decision from the United States Court of Appeals for the Federal Circuit in <u>JKB Solutions & Services, LLC v. United States</u>, 18 F.4th 704 (Fed. Cir. 2021), controls here.  <u>See</u> ECF No. 169 at 15-19.  According to plaintiff, the holding in <u>JKB</u> would require this court to find that FAR 52.212-4(l) does <u>not</u> govern in this case.  <u>See id.</u>  Defendant, in its reply, insists that plaintiff misreads <u>JKB</u>.  <u>See</u> ECF No. 170 at 5-8.  The court has reviewed the Federal Circuit's decision but notes that, despite the fact that the decision issued nearly one year ago, on November 17, 2021, plaintiff has not presented this argument by way of an appropriate motion, such as a motion for relief from the court's previous order.  Because the import of <u>JKB</u> here, is not properly before the court, the court makes no finding on the issue.

[2]    As the court noted in its previous opinion, "the language of the termination for convenience provision incorporated in plaintiff's contract differs slightly from that in FAR 52.212-4(l), but the differences are de minimus and do not change the meaning of the provision." ECF No. 120 at 3 n.3.  The court, therefore, does not distinguish between the two in this opinion.

4

of the regulation also requires that plaintiff prove its reasonable charges "using its standard record keeping system." FAR 52.212-4(l).

    The parties did not present, and the court did not find, binding precedent describing the precise requirements of a standard record keeping system within the meaning of FAR 52.212-4(l). See generally ECF No. 168, ECF No. 169, ECF No. 170. In the absence of such authority, the court will consider the regulation's "plain language," and will interpret "terms in accordance with their common meaning." Lockheed Corp. v. Widnall, 113 F.3d 1225, 1227 (Fed. Cir. 1997) (citations omitted). The court must construe the plain language "so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." Baude v. United States, 955 F.3d 1290, 1305 (Fed. Cir. 2020) (quoting Corley v. United States, 556 U.S. 303, 314 (2009)). "If the regulatory language is clear and unambiguous, then no further inquiry is usually required." Mass. Mut. Life Ins. Co. v. United States, 782 F.3d 1354, 1365 (Fed. Cir. 2015) (citation omitted). Here, the parties agree that the language at issue is unambiguous. See ECF No. 168 at 27 (defendant emphasizing that the regulation "must be interpreted by its plain language") (capitalization removed); ECF No. 169 at 19 (plaintiff stating that the regulation "contains clear and objective guidelines"). When the language at issue is "plain and unambiguous," the court will "assume that terms have their ordinary, established meaning, for which [it] may consult dictionaries." Info. Tech. & Applications Corp. v. United States, 316 F.3d 1312, 1320 (Fed. Cir. 2003) (reviewing definitions from Webster's Third International Dictionary).

    To decide the motion at bar, the court must consider the definition of the phrase "standard record keeping system." FAR 52.212-4(l). For purposes of this inquiry, the court assumes that plaintiff's evidence involves records of some kind, and that those records have been kept. The court will more carefully consider what it means for those records to have been kept as part of a standard system. First, the term "standard" denotes a measure of commonness or regularity. Webster's Third New International Dictionary defines standard to mean "a carefully thought-out method of performing a task," and "not novel or experimental." Standard, WEBSTER'S 3D NEW INT'L DICTIONARY (2002). Similarly, the New Oxford American Dictionary defines standard as "used or accepted as normal or average," and "(of a size, measure, design, etc.) such as is regularly used or produced, not special or exceptional." Standard, NEW OXFORD AM. DICTIONARY (3d ed. 2010).

    The term "system" indicates orderliness and organization. According to Webster's dictionary, a system is "an orderly working totality," and "an organized or established procedure or method." System, WEBSTER'S 3D NEW INT'L DICTIONARY (2002). The New Oxford American dictionary defines a system as "a set of principles or procedures according to which something is done, an organized scheme or method," and "orderliness, method." System, NEW OXFORD AM. DICTIONARY (3d ed. 2010).

Thus, taken together, these definitions indicate that a standard system is a regularly used, carefully thought-out method that involves a set of organizing and orderly procedures. In the court's view, plaintiff's record keeping, as characterized by Mr. Mucke and as demonstrated by the additional evidence plaintiff offers, does not satisfy this definition.

In his declaration, Mr. Mucke states as follows:

> [Plaintiff's] standard record keeping system includes the use of Quickbooks, an accounting software package, to track costs; Microsoft File Explorer, which electronically stores vendor invoices, client work product, and archived communications data; Microsoft Outlook, which tracks company communications; external suppliers and various external file storage devices used to back up and secure company data to ensure against data loss; and paper files for employee and client contract information.

ECF No. 167-1 at 1. Defendant argues that this description "is so vastly overbroad as to include every conceivable document in [plaintiff's] possession, from electronically saved documents to 'paper files,' rendering the term 'standard record keeping system' in FAR § 52.212-4(l) essentially meaningless." ECF No. 168 at 9.

In its response, plaintiff asserts that its record keeping system involves a multitude of documents stored in various places by various parties. See ECF No. 169 at 22-30. Plaintiff also describes estimates that were required specifically because contemporaneous records were not created. For example, plaintiff argues that it should be compensated for Mr. Mucke's time despite the fact that he admittedly "did not specifically track his hours." Id. at 28; see also ECF No. 172 at 19 (plaintiff's counsel acknowledging that time was not contemporaneously tracked and representing that plaintiff is "reconstructing [hours worked] to the best of [its] ability"); id. at 20 (stating that Mr. Mucke "had to estimate [his time] because he didn't pay himself"). According to plaintiff, the fact that the contract at issue involved a contingency fee meant that "there was no need or requirement for him to track his hours." ECF No. 169 at 28.

Plaintiff also estimates the hours for its personnel more generally based on "thousands of email communications" and other work performed for the audits. ECF No. 169 at 29; see also ECF No. 172 at 20 (plaintiff's counsel stating that the costs for one of the audits were calculated "by estimating the employees that worked on [it]—the time that they spent on that audit"). Plaintiff insists that it "may use estimates to support its cost claims," ECF No. 169 at 28, and even suggests that it would be unfair or unreasonable for defendant to expect contractors to "require each employee working on their contracts to track the time spent on the contracts and correlate that time to the specific task that each employee was working on." Id. at 25.

As the court understands the regulation, however, a regular, organized method for tracking relevant costs is required. The method chosen need not be "elaborate[,] costly[,] and burdensome," as plaintiff argues it necessarily would be. Id. Here, the problem is that plaintiff merely describes a vast collection of documents, some of which reflect post hoc estimates, rather than a systematic or organized method of tracking costs relevant to a particular project. Indeed, it appears that plaintiff has pieced together the voluminous evidence in its possession precisely because no standard system for tracking the relevant data was in place.

It simply belies the plain meaning of a standard system to conclude that virtually every document in plaintiff's possession, along with estimates to supply records not kept contemporaneously, meets this regulatory requirement. To find that plaintiff's records are sufficient to recover pursuant to FAR 52.212-4(l) would be to read both "standard" and "system" out of the regulation, an approach that would not conform with precedential canons of interpretation. See Baude, 955 F.3d at 1305 (quoting Corley, 556 U.S. at 314) (stating that the court must construe the plain language "so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.").

Because defendant has succeeded in demonstrating that plaintiff has failed to prove an essential element of its case—namely that its method of proving reasonable costs comports with the legal requirement of the governing regulation—defendant is entitled to summary judgment in its favor. See Dairyland Power, 16 F.3d at 1202 (citing Celotex, 477 U.S. at 323) ("A nonmoving party's failure of proof concerning the existence of an element essential to its case on which the nonmoving party will bear the burden of proof at trial necessarily renders all other facts immaterial and entitles the moving party to summary judgment as a matter of law."). Thus, the court will cancel the scheduled pretrial conference and trial in this case.

IV.   Conclusion

Accordingly, for the foregoing reasons:

(1)   Defendant's motion for summary judgment, ECF No. 168, is **GRANTED**;

(2)   The clerk's office is directed to **CANCEL** the **November 9, 2022 pretrial conference** and **November 10, 2022 trial** in this case; and

(3)   The clerk's office is directed to **ENTER** final judgment in defendant's favor, **DISMISSING** plaintiff's complaint, with prejudice.

IT IS SO ORDERED.

                                                s/Patricia E. Campbell-Smith
                                                PATRICIA E. CAMPBELL-SMITH
                                                Judge